# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07-cr-38

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| JAIME GAMEZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report filed in the above entitled cause on August 28, 2007 by the United States Probation Office. In the violation report, the United States Probation Office alleged that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, Tony E. Rollman, and that the Government was present through the Assistant United States Attorney, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted the allegations contained in the violation report that had been filed on August 28, 2007. The Government introduced, without objection, the violation report into evidence.

The defendant was charged, in a bill of indictment filed on April 3, 2007 with using and carrying a firearm in furtherance of a drug trafficking crime and possessing with intent

to distribute and dispense methamphetamine. A hearing was held in regard to the detention of the defendant on May 3, 2007. On that date, the undersigned entered an order releasing the defendant on a $25,000.00 unsecured bond. The undersigned further set conditions of release which included the following:

(1)   That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(7)(a)   Report to the Office of Probation and Pretrial Services to the extent and in the manner that the agency determines to be appropriate.

(7)(m)   Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(7)(p)   Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing...which is required as a condition of release.

On August 27, 2007, the defendant admitted to Meg Hudson of Meridian Behavioral Health that he had used methamphetamine on August 27, 2007. On that same date, the defendant admitted to an unobserved urinalysis which tested negative for illegal substances. Another participate in the treatment program, however, admitted to Ms. Hudson that the other participant had provided a urine specimen for the defendant. The defendant was instructed to report to his United States Probation Officer on August 28, 2007 at 8:00 o'clock a.m. The defendant failed to report for this visit.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1) finds that there is----
 (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
 (B) clear and convincing evidence that the person has violated any other condition of release; and
(2) finds that ---
 (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
 (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds that there is probable cause to believe that the defendant committed a federal and state crime while on release. The defendant possessed methamphetamine so that he could consume that substance. That possession violated both federal and state law. The consumption of methamphetamine is a misdemeanor under federal law. 21 U.S.C. § 844 and the consumption of methamphetamine is a felony under state law. N.C.G.S. § 90-95(a)(3). Due to the fact there is probable cause to believe that the defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that the defendant would not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that the defendant

3

violated the condition of release that ordered him to report to his United States Probation Officer as he was directed. The defendant failed to report to the probation office on August 28, 2007 at 8:00 o'clock a.m.

There has been shown by clear and convincing evidence that the defendant violated the condition of release that orders that the defendant refrain from use or unlawful possession of a narcotic drug unless prescribed by a licensed medical practitioner. Methamphetamine is a drug that is not prescribed by licensed medical practitioners.

There is clear and convincing evidence that the defendant violated the condition of release that ordered him not to obstruct or attempt to obstruct or tamper in any fashion with the efficiency and accuracy of any prohibited substance testing. The defendant enlisted the assistance of a participant in the Meridian Behavioral Health drug treatment program to provide to the defendant an urine specimen which the defendant then presented as being his own. This act violated the condition of release that ordered him not to obstruct or attempt to obstruct the efficiency and accuracy of any prohibited substance testing.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that the defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon the defendant's actions, that it is unlikely that the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of

revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

**ORDER**

WHEREFORE, IT IS **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be detained pending sentencing and further proceedings in this matter.

Signed: September 6, 2007

_Dennis L. Howell_

Dennis L. Howell
United States Magistrate Judge